TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Keichelle Harris a.k.a Keichelle Flenoir*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Keichelle Harris a.k.a Keichelle Flenoir, <br><br> Plaintiff, <br><br> vs. <br><br> Equifax Information Services, LLC, and Trans Union, LLC, <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, KEICHELLE HARRIS A.K.A. KEICHELLE

FLENOIR, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her

1

Complaint against the Defendants, Equifax Information Services, LLC and Trans Union, LLC, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the city of Inglewood, Los Angeles County, California.

4. Venue is proper in the Central District of California.

## PARTIES

5. Plaintiff is a natural person residing in the city of Inglewood, State of California.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of California; and

   b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of California.

## GENERAL ALLEGATIONS

7. Dept of Ed is inaccurately reporting the following tradelines ("False Tradelines") on Plaintiff's Equifax and Trans Union (the "CRAs") credit disclosures:

a. An account opened September 2013 with balance of $2,750 and an erroneous status of "120-149 Days Late".

b. An account opened September 2013 with a balance of $3,500 and an erroneous status of "120-149 Days Late".

c. An account opened February 2012 with a balance of $16,342 and an erroneous status of "120-149 Days Late".

d. An account opened February 2012 with a balance of $44,641 and an erroneous status of "120-149 Days Late".

8. The information is false and would tend to mislead any user of Plaintiff's credit report, as the loan accounts reflected above were transferred and consolidated into other loans.

9. The False Tradelines should be reported by Dept of Ed with a payment status of "Current."

10. On or about January 21, 2021, Plaintiff obtained her disclosures from the CRAs and noticed the False Tradelines reporting with an erroneous status.

11. On or about April 16, 2021, Credit Repair Lawyers of America, acting on behalf of Plaintiff, submitted letters to the CRAs, disputing the False Tradelines. In her dispute letters, Plaintiff explained that the loans were transferred and consolidated into other loans by the Dept of Ed. Plaintiff attached an account

detail, which confirmed the same.  Plaintiff asked the CRAs to delete the incorrect payment status and replace it with "Current."

12. The CRAs forwarded Plaintiff's consumer dispute to Dept of Ed.

13. Dept of Ed received Plaintiff's consumer dispute from the CRAs.

14. On or about June 1, 2021, Plaintiff obtained her credit disclosures from Equifax, which showed that Dept of Ed and Equifax failed or refused to correct the False Tradelines to "Current."

15. On or about June 10, 2021, Plaintiff obtained her credit disclosures from Trans Union, which showed that Dept of Ed and Trans Union failed or refused to correct the False Tradelines to "Current."

16. The False Tradelines are wrong and do not properly reflect Plaintiff's loans with Dept of Ed.  The False Tradelines are misleading to any user of her credit report who sees the tradelines or who obtains her credit score that is based on these tradelines.  These False Tradelines are also improperly depressing the Plaintiff's credit score, making it harder, if not impossible, for her to obtain credit, housing, jobs, or transportation.

17. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Plaintiff has also experienced undue stress, embarrassment, humiliation, and anxiety due to Defendants' failure to

correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

20. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

21. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

22. After receiving Plaintiff's consumer dispute to the False Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

23. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24.Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount

to be determined by the trier of fact together with her reasonable attorneys' fees

pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against

Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EQUIFAX**

25.Plaintiff realleges the above paragraphs as if recited verbatim.

26.Defendant Equifax prepared, compiled, issued, assembled, transferred,

published, and otherwise reproduced consumer reports regarding Plaintiff as that

term is defined in 15 USC 1681a.

27.Such reports contained information about Plaintiff that were false, misleading,

and inaccurate.

28.Equifax willfully failed to maintain and/or follow reasonable procedures to assure

maximum possible accuracy of the information that it reported to one or more

third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

29. After receiving Plaintiff's consumer dispute to the False Tradelines, Equifax

willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C.

1681i.

6

30. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

31. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>COUNT III</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

35. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

36. After receiving Plaintiff's consumer dispute to the False Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

41. Such reports contained information about Plaintiff that were false, misleading, and inaccurate.

8

42. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

43. After receiving Plaintiff's consumer dispute to the False Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

9

DATED: July 9, 2021

By: ___/s/  *Trinette G. Kent*___
Trinette G. Kent
Attorneys for Plaintiff,
Keichelle Harris a.k.a
Keichelle Flenoir